```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

CARLOS WILLIAMS,                     :

    Plaintiff,                   :

vs.                                  :    CIVIL ACTION 05-0087-CG-M

SGT. CHARLES MASSEY,                 :

    Defendant.                   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Docs. 8, 13). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis* against a government officer, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.[1] "Section

---

[1] The predecessor to these sections is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) in the Prison Litigation Reform Act of 1996 ("PLRA"), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. See Bilal v.

1915A requires the court to review a complaint filed by a prisoner-plaintiff against a government officer and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Baxter v. Washington, 2006 WL 2591483, *1 (11th Cir. 2006). "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief." Id. (citing Brower v. County of Inyo, 489 U.S. 593, 598 (1989)). "Section 1915 requires the court to dismiss a complaint on the same grounds when a prisoner-plaintiff proceeds in forma pauperis." Id.

## II. FACTS

For purposes of this analysis, the Court assumes as true the allegations in Plaintiff's Amended Complaint. (Doc. 13). According to Plaintiff, on May 21, 2004, he was visiting a friend at her residence in Foley, Alabama, when several police officers arrived and began conducting a search of the home. (Doc. 13 at 3, 7). When the police arrived, Plaintiff was lying on a sofa upstairs. (Id.). The officers handcuffed Plaintiff and took him

---

Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000); Looney v. Hetzel, 2001 WL 395153, *2 n.2 (S.D. Ala. 2001) (unpublished). However, dismissal under §§ 1915(e)(2)(B) and 1915A(b) is now mandatory. Bilal, 251 F.3d at 1348-49; Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002).

downstairs where he was detained with a number of other individuals who had been in the home when the police arrived and who had also been handcuffed. (Id. at 7). After a short period of time, a police officer came downstairs and asked the group to identify "Carlos Williams." (Id.). Plaintiff identified himself and was taken back upstairs. (Id.). Once upstairs, Defendant, Sgt. Charles Massey, informed Plaintiff that his wallet had been found near a bag containing a white, powdery substance. Defendant asked Plaintiff if he could identify the substance, and Plaintiff stated that he could not. (Id.). The substance field tested as cocaine. (Id.). Plaintiff was then taken to the Foley Police Department where he was further questioned by Defendant Massey. (Id.). Massey informed Plaintiff that cash in the amount of $375 had been found on the sofa on which Plaintiff had been lying and again asked him about the bag of cocaine that had been found near his wallet. (Id.). Plaintiff admitted that the wallet belonged to him but denied any knowledge of the bag of cocaine. (Id.).

Plaintiff was subsequently transferred to the Baldwin County Jail where he was arrested and charged with unlawful possession of a controlled substance. According to Plaintiff, that charge is still pending. (Id.; Doc. 20 at 1).

As a result of Plaintiff's arrest for unlawful possession of a controlled substance, he was found guilty of violating his

parole[2] and was returned to incarceration.[3]  (Doc. 20 at 1).  On February 14, 2005, Plaintiff filed a § 1983 action against Defendant, Sgt. Charles Massey, which he amended on September 27, 2005, alleging that Massey violated his Fourth Amendment right to be free from unlawful searches and seizures, resulting in his arrest and parole revocation.  (Doc. 1; Doc. 13 at 7; Doc. 20 at 1).  Having considered Plaintiff's Amended Complaint in its entirety, the Court finds that Plaintiff's allegations fail to establish any claim against Defendant Massey for which relief could be granted.

### III. DISCUSSION

As discussed above, a prisoner who is allowed to proceed *in forma pauperis* in this Court and/or who files a complaint against a government officer or employee will have his complaint screened in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, respectively.  This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and

---

[2] In 1991, Plaintiff was convicted of first degree robbery and sentenced to twenty years in prison.  (Doc. 13 at 5).

[3] On August 1, 2006, Plaintiff notified the Court that he has again been released.  (Doc. 21).

1915A(b)(1)-(2).

In this 42 U.S.C. § 1983 action, Plaintiff asserts a Fourth Amendment claim against Sgt. Massey, alleging that Massey unlawfully searched and seized a bag of cocaine located near Plaintiff's wallet, causing Plaintiff to be arrested for unlawful possession of a controlled substance, which then resulted in his parole being revoked.  (Doc. 13 at 9; Doc. 20 at 1).  Plaintiff seeks monetary damages and declaratory relief for this violation.  (Doc. 13 at 8).  The United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), governs this case.

In Heck, the Supreme Court reaffirmed the rule established in Preiser v. Rodriquez, 411 U.S. 475 (1973), that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck, 512 U.S. at 482.  A claim by a prisoner seeking to obtain injunctive relief to end or shorten his confinement is simply not cognizable under § 1983.  Unlike the plaintiff in Preiser, however, the plaintiff in Heck sought only monetary damages for the alleged unlawful conduct that led to his arrest and confinement.  Faced with only a damages claim, the Heck court held that a prisoner's claim for damages arising from a challenge to the legality of his confinement is not cognizable in a § 1983 action "unless and until the conviction or

sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id., 512 U.S. at 489. The court reasoned that, by establishing the basis for his damages claim, Heck would "necessarily imply" the invalidity of his conviction. Id. at 487, 490. Therefore, his damages claim was not cognizable under § 1983 until the conviction or sentence had been appropriately invalidated. Id.

The principles espoused in Heck apply equally to revocations of probation and revocations and denial of parole. See Kelly v. White, 2000 WL 1844706, *2 (S.D. Ala. 2000) (unpublished) ("Because Plaintiff has not shown that his probation revocation has been invalidated, Heck would preclude a claim by Plaintiff for damages, and such a claim would be frivolous."); Walker v. Bryant, 2005 WL 1126776, *1 -2 (M.D. Ala. 2005) (unpublished) (Heck precluded Plaintiff's claim for injunctive relief under § 1983 challenging the revocation of his probation); Cassis v. Crosby, 2006 WL 2226259, *2 (N.D. Fla. 2006) (A claim for money damages for "being returned to prison is not cognizable under § 1983 until Plaintiff has had the imprisonment invalidated, overturned, or otherwise successfully challenged in habeas proceedings."); see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (Plaintiff's claim for damages for revocation of probation and parole based on an unlawful search, seizure, and arrest was barred by Heck since Plaintiff did not show that the

6

revocations had been appropriately invalidated.); Crow v. Penry, 102 F.3d 1086, *1087 (10th Cir. 1996) (Plaintiff's claim for damages against parole officer and others amounted to "a collateral attack on his parole revocation and subsequent incarceration," which Heck does not permit.).

In the present action, Plaintiff alleges that his parole was revoked because of his arrest for unlawful possession of a controlled substance which was based on an unlawful search and seizure by Defendant.  (Doc. 13 at 7; Doc. 20 at 1).  Plaintiff's Fourth Amendment claim against Defendant, if established, would "necessarily imply" the invalidity of the revocation of his parole.  Heck, 512 U.S. at 487.  Because, according to Plaintiff, his parole revocation has not been invalidated in an appropriate proceeding (Doc. 20 at 1), the instant collateral attack on that action is prohibited by Heck.

Having reviewed Plaintiff's Complaint in its entirety as it relates to Defendant Massey, the Court concludes that § 1983 relief could not be granted under any set of facts that could be proved consistent with Plaintiff's allegations against this Defendant, as his claim is premature under Heck.  Therefore, Plaintiff's Complaint against Massey fails to state a claim upon which relief can be granted and is, therefore, due to be dismissed.

CONCLUSION

Based upon the foregoing, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and 1915A(b)(1)for failure to state a claim upon which relief may be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 17th day of October, 2006.

                                   <u>s/BERT W. MILLING, JR.</u>
                                   UNITED STATES MAGISTRATE JUDGE