IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLOS WILLIAMS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>SGT. CHARLES MASSEY, )<br>)<br>  Defendant. ) | CIVIL ACTION NO. 05-087-CG-M |

## ORDER

This cause is before the court on the report and recommendation of the Magistrate Judge (Doc. 30), plaintiff's objection thereto and brief in support. (Docs. 31, 32). Plaintiff's amended complaint asserts a § 1983 claim against defendant, Sergeant Charles Massey, in which plaintiff alleges that Massey violated plaintiff's Fourth Amendment right to be free from unlawful searches and seizures, resulting in his arrest and parole revocation. (Doc. 13 at 7). In the report and recommendation, the Magistrate Judge determined that "§ 1983 relief could not be granted under any set of facts that could be proved consistent with Plaintiff's allegations against this Defendant, as his claim is premature under Heck;" thus, plaintiff fails to state a claim upon which relief can be granted. (Doc. 30 at 7).

In his objection, plaintiff suggests that because the District Attorney of Baldwin County eventually requested the state court to noll pross the criminal case against the plaintiff that arose from the search in question, his claim is somehow ripe for adjudication. (Doc. 31 at 5). Plaintiff's contention is of no avail. The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994), held that a prisoner's claim for damages arising from a challenge to the legality of his confinement is not cognizable in a § 1983 action "unless and until the conviction or sentence is

reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 512.  These same principles apply to revocations of probation and revocations and denial of parole.  See Kelly v. White, 2000 WL 1844706, *2 (S.D. Ala. 2000) (unpublished) ("Because Plaintiff has not shown that his probation revocation has been invalidated, Heck would preclude a claim by Plaintiff for damages, and such a claim would be frivolous.").  Here, plaintiff cannot demonstrate that there is any merit to his Fourth Amendment claim, nor has he proffered any argument or evidence to show that his parole revocation has been invalidated.  Thus, the court finds that plaintiff's objections offer no facts or other evidence which would cause the court to alter the Magistrate Judge's findings of fact and conclusions of law.

Accordingly, upon consideration of all matters presented and for the reasons stated, the report and recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated April 5, 2002, is **ADOPTED** as the opinion of this court.  Judgment of dismissal will be entered by separate order.

The Clerk of Court is directed to send a copy of the report and recommendation, this order, and the final judgment to the Commissioner of the Alabama Department of Corrections.

**DONE and ORDERED** this 13th day of February 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE